**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| LINDA WEDDINGTON<br>*on behalf of herself and*<br>*others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br><br>TWO RIVERS CAPITAL, LLC D/B/A<br>IRSFRESHSTART.ORG<br><br>    Defendant. | Civil Action No.:<br><br>Class Action Complaint<br><br>Jury Trial Demanded |

**Nature of this Action**

1. Linda Weddington ("Plaintiff") brings this class action against Two Rivers Capital, LLC d/b/a IRSFreshStart.org ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3. However, the TCPA doesn't only restrict robocalls.

4. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone

records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

5.  "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

6.  Plaintiff Linda Weddington ("Plaintiff") brings this action under the TCPA alleging

that Two Rivers Capital, LLC d/b/a IRSFreshStart.org ("Guru Finance Group"), marketed services through the use of a telemarketing campaign using pre-recorded messages despite not having the requisite consent to contact those individuals who, like the Plaintiff, were listed on the National Do Not Call Registry.

7. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

8. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

9. Plaintiff is a resident in this District.

10. Defendant Two Rivers Capital, LLC d/b/a IRSFreshStart.org is a Florida limited liability company.

## Jurisdiction & Venue

11. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

12. This Court has general personal jurisdiction over the defendant because they sent calls into this District.

13. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were sent into this District.

## **The Telephone Consumer Protection Act**

14.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

15.     The TCPA prohibits the use of pre-recorded messages to make calls. *See* 47 U.S.C. § 227(b)(3).

16.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

17.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

18.     Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), thus shifting the cost of automated or prerecorded messages onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

19.     "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes calls made using artificial or prerecorded voices pitching

4

services. *See* FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse, 31 FCC Rcd. 1940, 1941 n.6 (2016).

20. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

21. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

22. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

23. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

24. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

25. Plaintiff's residential telephone number is (313) 758-XXXX.

26. Plaintiff uses this telephone number for personal, residential, and household purposes.

5

27. Plaintiff's telephone number is not associated with any business, nor does Plaintiff use this telephone number for business purposes.

28. Plaintiff personally listed her telephone number on the National Do Not Call Registry on April 6, 2011, and has not removed it from the Registry since that time.

29. In April 2025, Plaintiff began receiving calls from Defendant on her cellular telephone.

30. On April 17, 2025 at 6:28 p.m., Plaintiff received a call on her cellular telephone number from telephone number (888) 742-3620.

31. Defendant continued to call Plaintiff on her cellular telephone almost daily, including on the following dates and times:

- April 18, 2025 at 12:16 p.m. from (888) 742-7860
- April 18, 2025 at 2:03 p.m. from (888) 742-7256
- April 19, 2025 at 1:21 p.m. from (888) 756-5468
- April 19, 2025 at 2:48 p.m. from (888) 544-5455
- April 21, 2025 at 12:53 p.m. from (888) 751-6745
- April 21, 2025 at 5:00 p.m. from (888) 751-9464
- April 22, 2025 at 1:08 p.m. from (888) 752-4472
- April 22, 2025 at 3:09 p.m. from (888) 752-4308
- April 23, 2025 at 4:14 p.m. from (888) 753-4793
- April 24, 2025 at 6:43 p.m. from (888) 741-9201
- April 25, 2025 at 11:58 a.m. from (888) 754-3730
- April 25, 2025 at 1:38 p.m. from (888) 754-3216
- April 25, 2025 at 7:17 p.m. from (888) 741-9702
- April 28, 2025 at 7:38 p.m. from (888) 764-7309
- April 30, 2025 at 12:41 p.m. from (888) 765-5459
- April 30, 2025 at 3:13 p.m. from (888) 765-6790

32. On April 30, 2025 at 7:51 p.m., Plaintiff received yet another call on her cellular telephone from Defendant from telephone number (888) 765-6581.

33. In an attempt to get the calls to stop, Plaintiff answered the call and was connected to an individual who was calling to sell Defendant's tax relief services.

34. Plaintiff informed the caller that she wanted Defendant to stop calling her.

35.     Despite this, Plaintiff continued to receive calls from Defendant, including on the following dates and times:

- May 1, 2025 at 1:12 p.m. from (888) 741-2163
- May 1, 2025 at 6:16 p.m. from (888) 741-2031
- May 2, 2025 at 2:01 p.m. from (888) 741-7347
- May 2, 2025 at 3:42 p.m. from (888) 753-3858
- May 2, 2025 at 5:38 p.m. from (888) 752-0519
- May 6, 2025 at 12:16 p.m. from (888) 754-5809
- May 6, 2025 at 2:43 p.m. from (888) 751-4550
- May 6, 2025 at 4:59 p.m. from (888) 751-4588
- May 7, 2025 at 12:20 p.m. from (888) 751-7218
- May 7, 2025 at 4:43 p.m. from (888) 751-8692
- May 7, 2025 at 7:31 p.m. from (888) 751-8881
- May 8, 2025 at 12:22 p.m. from (888) 752-1153
- May 8, 2025 at 4:56 p.m. from (888) 752-0748
- May 8, 2025 at 8:01 p.m. from (888) 756-1696
- May 9, 2025 at 11:32 a.m. from (888) 751-8881
- May 9, 2025 at 1:20 p.m. from (888) 752-4296
- May 9, 2025 at 1:23 p.m. from (888) 382-1222
- May 9, 2025 at 1:26 p.m. from (888) 382-1222
- May 9, 2025 at 3:22 p.m. from (888) 752-4218
- May 9, 2025 at 5:44 p.m. from (888) 752-4284

36.     On May 10, 2024 at 4:23 p.m., Plaintiff received yet another call on her cellular telephone number from Defendant from (888) 753-3641.

37.     Plaintiff answered the call and was again connected with an individual who was calling to talk about Plaintiff's "application" to, ultimately, sell Defendant's tax relief services.

38.     Plaintiff again informed the caller that she did not want to receive calls from Defendant.

39.     Despite Plaintiff's second do not call request, Defendant continued to call Plaintiff on her cellular telephone number, including on the following dates and times:

- May 12, 2025 at 12:31 p.m. from (888) 754-3508
- May 12, 2025 at 5:27 p.m. from (888) 754-6183
- May 13, 2025 at 12:09 p.m. from (888) 754-0849
- May 13, 2025 at 1:25 p.m. from (888) 756-1463

- May 14, 2025 at 12:33 p.m. from (888) 764-1411
- May 14, 2025 at 4:03 p.m. from (888) 764-1677
- May 14, 2025 at 6:57 p.m. from (888) 764-2038
- May 15, 2025 at 12:08 p.m. from (888) 764-5949
- May 15, 2025 at 1:23 p.m. from (888) 741-9520
- May 15, 2025 at 2:39 p.m. from (888) 741-9462
- May 15, 2025 at 4:15 p.m. from (888) 764-5193
- May 15, 2025 at 5:41 p.m. from (888) 764-5019
- May 16, 2025 at 1:18 p.m. from (888) 764-8849
- May 16, 2025 at 4:15 p.m. from (888) 764-8577
- May 16, 2025 at 7:16 p.m. from (888) 764-9186
- May 17, 2025 at 12:47 p.m. from (888) 765-0774
- May 17, 2025 at 5:49 p.m. from (888) 765-5961
- May 19, 2025 at 12:46 p.m. from (888) 751-5664
- May 19, 2025 at 2:41 p.m. from (888) 751-8016
- May 19, 2025 at 5:37 p.m. from (888) 753-2139
- May 19, 2025 at 7:42 p.m. from (888) 753-2139
- May 20, 2025 at 1:54 p.m. from (888) 744-4345
- May 20, 2025 at 4:29 p.m. from (888) 752-1571
- May 20, 2025 at 6:09 p.m. from (888) 744-4514
- May 20, 2025 at 7:42 p.m. from (888) 751-8515
- May 21, 2025 at 12:04 p.m. from (888) 744-8352
- May 21, 2025 at 1:24 p.m. from (888) 744-8502
- May 21, 2025 at 5:19 p.m. from (888) 752-9955
- May 22, 2025 at 12:31 p.m. from (888) 751-4243
- May 22, 2025 at 2:12 p.m. from (888) 751-3963
- May 22, 2025 at 7:36 p.m. from (888) 764-2193
- May 23, 2025 at 12:42 p.m. from (888) 751-8740

40. On a number of occasions, Plaintiff called some of the telephone numbers back because she was expecting a call and was worried that the telemarketing calls from Defendant that she missed were the call for which she had been waiting.

41. Plaintiff called Defendant back on the following dates:

- May 7, 2025 at 9:25 p.m. to (888) 218-5050
- May 7, 2025 at 9:46 p.m. to (888) 751-4588
- May 7, 2025 at 9:51 p.m. to (888) 382-1222
- May 9, 2025 at 1:26 p.m. to (888) 382-1222
- May 10, 2025 at 1:38 p.m. to (888) 246-7822
- May 10, 2025 at 4:29 p.m. to (888) 246-7822
- May 21, 2025 at 9:14 p.m. to (888) 744-4514

8

- May 21, 2025 at 1:39 p.m. to (888) 350-3931
- May 22, 2025 at 4:35 p.m. to (888) 454-4290

42. On each of these occasions, she would be greeted by a representative of Defendant saying words to the effect of "Hi Linda, are you calling to talk about or finish your application?"

43. On each occurrence, Plaintiff would either disconnect the call or request that Defendant stop calling her.

44. Additionally, Defendant left her approximately 35 voicemails, including on the following dates:

- April 30, 2025 at 3:14 p.m. from (888) 765-6790
- May 1, 2025 at 1:13 p.m. from (888) 741-2163
- May 2, 2025 at 3:43 p.m. from (888) 753-3858
- May 2, 2025 at 5:39 p.m. from (888) 752-0519
- May 6, 2025 at 12:17 p.m. from (888) 754-5809
- May 6, 2025 at 2:44 p.m. from (888) 751-4550
- May 6, 2025 at 5:00 p.m. from (888) 751-4588
- May 7, 2025 at 12:21 p.m. from (888) 751-7218
- May 7, 2025 at 4:44 p.m. from (888) 751-8692
- May 7, 2025 at 7:32 p.m. from (888) 751-8881
- May 8, 2025 at 12:24 p.m. from (888) 752-1153
- May 8, 2025 at 4:58 p.m. from (888) 752-0748
- May 12, 2025 at 12:32 p.m. from (888) 754-3508
- May 12, 2025 at 5:28 p.m. from (888) 754-6183
- May 12, 2025 at 7:01 p.m. from (888) 754-6107
- May 13, 2025 at 12:10 p.m. from (888) 754-0849
- May 13, 2025 at 1:26 p.m. from (888) 756-1463
- May 14, 2025 at 6:58 p.m. from (888) 764-2038
- May 15, 2025 at 12:09 p.m. from (888) 764-5949
- May 15, 2025 at 1:23 p.m. from (888) 741-9520
- May 15, 2025 at 4:16 p.m. from (888) 764-5193
- May 15, 2025 at 5:42 p.m. from (888) 764-5019
- May 16, 2025 at 1:19 p.m. from (888) 764-8849
- May 16, 2025 at 4:16 p.m. from (888) 764-8577
- May 17, 2025 at 12:48 p.m. from (888) 765-0774
- May 17, 2025 at 5:50 p.m. from (888) 765-5961
- May 20, 2025 at 4:30 p.m. from (888) 752-1571
-

45. Each of the voicemails played one of the below messages.

**Message 1**

Hello, this is Barabara calling from Fresh Start Info. I tried to reach out to you regarding your inquiry on resolving your tax debt. Please give me a call back at (949) 656-3575 at your earliest convenience. Thank you so much.

**Message 2**

… appreciate it if you could give me a call back at (951) 944-0443. Again, this is a very urgent matter in regards to your application. So please give me a call at (951) 944-0443.

**Message 3**

We really appreciate it if you could give me a call back at (951) 944-0443. Again, this is a very urgent matter in regards to your application. So please give me a call at (951) 944-0443.

**Message 4**

(951) 944-0443.

**Message 5**

A pretty urgent matter. Once again call me at (951) 944-0443. Thanks and I hope to talk to you soon.

**Message 6**

Again, give me a call at (951) 944-0443 to finalize your application and get access to hardship relief.

**Message 7**

…your application. Again, give me call at (951) 944-0443 to finalize

your application and get access to hardship relief.

46. Each of the above messages utilized prerecorded artificial intelligence technology due to the unnatural cadence of the delivery and the impersonal, generic messages.

47. Each of the above-described calls were placed to Plaintiff for the purpose of soliciting Defendant's tax relief services.

48. Plaintiff works in urgent care and the barrage of calls that she received from Defendant caused her enormous stress and were incredibly disruptive during her workday.

49. Plaintiff and other individuals who received Defendant's telemarketing suffered an invasion of privacy and were harassed by the conduct of Defendant.

## Class Action Statement

50. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

51. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

52. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Robocall Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone or any other protected telephone service (3) from or on behalf of Defendant, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

11

53. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

54. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

55. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

56. This Class Action Complaint seeks injunctive relief and money damages.

57. The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

58. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

59. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

60. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

61. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

62. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

- Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

- Whether Defendant made calls using artificial or prerecorded voices to Plaintiff and members of the Robocall Class;

- The corresponding degrees and liability as among and between Defendant;

- Whether Defendant's conduct constitutes a violation of the TCPA; and

- Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

63. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

64. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

65. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

66. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

67. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Statutory Violations of the Telephone Consumer Protection Act
(47 U.S.C. § 227(b)) on behalf of the Robocall Class**

68. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

69. The Defendant violated the TCPA by sending or causing to be sent calls to the cellular telephones and other protected telephones of Plaintiff and members of the Robocall Class using a pre-recorded messages without their prior express written consent.

70. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

71. The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

72. Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

## SECOND CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act
(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

73. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

74. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

75. Defendant's violations were negligent, willful, or knowing.

76. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

77. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B. Injunctive relief prohibiting Defendant from using artificial or pre-recorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

  C. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

  D. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

  E. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

,

Dated: July 28, 2025  PLAINTIFF, on behalf of herself and others similarly situated,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com